UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REGIS HARVEY, AMANDA COLLINS, ANDREA MCDONALD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXIMUS INC.,<br><br>Defendant. | Case No. 1:14-cv-00161-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before the Court is Defendant Maximus' Motion to Dismiss Amended Complaint (Dkt. 5). The Court finds that oral argument will not assist the decisional process. Based on the pleadings and record before it, the Court will grant in part and deny in part the Motion, as more fully expressed below.

# LEGAL STANDARD

### 1. <u>Legal Standard for Rule 12(b)(6) Motions</u>

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual

allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Under Rule 12(b)(6), the Court may consider documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into

a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

After acquiring a new contract to serve as a call center for health insurance exchanges, Maximus hired new employees to meet its demand. Maximus employs both "regular capacity" and "limited service" employees. Limited service employees work full-time for a defined period of time, while regular capacity employees work at-will without a contractually defined period of time. Plaintiffs were hired as regular capacity employees and believed that they were accepting a career opportunity with Maximus. They were let go as part of a reduction in force, which they claim was planned before they were hired. Plaintiffs argue fraudulent misrepresentation because Maximus marketed and offered open ended career opportunities when it knew that they were limited in time. Plaintiffs also argue negligent misrepresentation and promissory estoppel. Maximus' motion seeks to dismiss the complaint for failure to state a claim and plead fraud with particularity. *Def.'s Br.* at 3 Dkt 5-1.

**I.** *Fraudulent Misrepresentation*

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity—meaning that a plaintiff "must set forth more than the neutral facts necessary to identify the transaction." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir.1997). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. *Vess v. Ciba–*

*Geigy Corp.*, USA, 317 F.3d 1097, 1106 (9th Cir.2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989). While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. *Id*. A party may allege on information and belief under circumstances in which the required facts are peculiarly within the defendant's knowledge or control, but, should they do so, the party must still state the factual basis for the belief. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993).

Maximus contends that Plaintiffs complaint contains fundamental defects which prevent Maximus from preparing an adequate response. These fundamental defects include lack of particularity in general, and failure to plead all elements of fraud with particularity.

### A. Pled with Particularity

Maximus contends that Plaintiffs have not sufficiently pled "the time, place and content of the fraudulent representation" and simply rely on "conclusory allegations." *Shroyer*, 622 F.3d at 1042. Plaintiffs have not listed exact dates, places, or names of individual representative of Maximus which were involved with this alleged fraud. But Plaintiffs have given the circumstances surrounding fraud. Rule 9(b) does not require "absolute particularity . . . especially when some matters are beyond the knowledge of the pleader and can only be developed through discovery." 5A Wright and Miller, Federal

Practice & Procedure, § 1298 at p. 192 (3d ed.2004). If the circumstances surrounding fraud are given with enough particularity for the defense to prepare an adequate answer, Rule 9(b) is satisfied. *Odom v. Microsoft Corp.,* 486 F.3d 541, 555 (9th Cir. 2007).

Simply alleging that Maximus told Plaintiffs that "regular capacity" employees would remain employed after the first open enrollment period would not be enough to satisfy Rule 9(b). However, Plaintiffs also provide a specific circumstance when these assurances were first made—the initial interview. *Am. Comp.* ¶ 43, Dkt. 3. Plaintiffs also corroborate their complaint by supplying an offer letter that refers to their employment as a "career opportunity" and explains compensation "in succeeding years." *Ex. A* at 2, Dkt. 3-1. Plaintiffs use Maximus' own documentation (*Id.* at 10) to argue that Maximus knew that it was effectually hiring "limited service" employees, even though they were being presented as "regular capacity" employees.

The "who, what, when, where, and how" are satisfied by Plaintiffs pleading of the circumstances constituting fraud, which are sufficient for Maximus to prepare an adequate answer to the complaint. Maximus is the best source to obtain any specific information regarding exact dates and names if they feel it is necessary to respond to the complaint.

B.  **Elements of Fraud**

To prove fraud, a plaintiff must establish the following elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person

and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the [representation]; (8) his rights to rely thereon; (9) his consequent and proximate injury." *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 386 (Idaho 2005) (internal citation omitted). Maximus objects to Plaintiffs' complaint on every element of fraud. Each is addressed below.

   *1.* **Representation**

Plaintiffs allege representations of career-type work from Maximus. Plaintiffs have pled a consistent and plausible message—from interview to offer letter—that Maximus was offering career type work without a predetermined timeline for termination. *See Am. Comp.* Dkt. 3. Plaintiffs have not changed or expanded their pleading by explaining that they were promised the opportunity of career employment. *Pl.'s Res.* At 5-7 Dkt. 10. Plaintiffs' clarification refutes Maximus' argument that at-will employment language in the offer letter contradicts Plaintiffs' claim of early termination. *Def.'s Br.* At 4, Dkt. 5-1. Plaintiffs are not arguing a breach of contract for early termination. They are arguing that they were misled from the beginning about the type of employment they were entering into. No at-will job is guaranteed, but there is a significant difference between career type at-will positions, and seasonal or temporary at-will positions. Plaintiffs correctly rely upon *Meade* to show that at-will employment does not shield an employer from claims arising from misrepresentations about the nature of the employment. *Pl.'s Res.* At 10, Dkt. 10.

### 2. Falsity

Plaintiffs argue that they were offered positions that would exist past the initial enrolment, and were career-type positions. Because of the at-will nature of the employment, it is not enough to simply show that Plaintiffs are no longer working at Maximus. However, Plaintiffs' complaint illustrates that Maximus did not just lay off workers, it executed a reduction in force which reduced positions. *Am. Comp.* ¶ 55, Dkt. 3. Maximus's planned elimination of the position is a sufficient allegation that the representation that Plaintiffs were being offered "regular capacity" positions was false.

### 3. Materiality

Plaintiffs have pled that they gave up long-term employment to work for Maximus. Id. ¶ 13-15. They claim that the promise of a career opportunity led them to leave current employment, and accept an employment offer from Maximus. Id. ¶ 86. Because Plaintiffs would not have changed their position by giving up long-term employment had they known they were only being offered temporary employment, the representations were material.

### 4. Masimus' Knowledge of Falsity

The Ninth Circuit has concluded "that plaintiffs may aver scienter generally, just as [Rule 9(b)] states—that is, simply by saying that scienter existed." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547 (9th Cir.1994)(en banc). Plaintiffs satisfy this requirement when they allege "Defendants knew that its representations were false…" *Am. Comp.* ¶

68, Dkt. 3. Plaintiffs go even further by offering documentation (*Ex. A* at 10, Dkt. 3-1) that supports their claim that Maximus knew that its representations were false.

### 5. **Intent that a False Representation be Acted Upon**

Again, the Ninth Circuit concluded "that plaintiffs may aver scienter generally, just as [Rule 9(b)] states—that is, simply by saying that scienter existed." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547 (9th Cir.1994)(en banc). Plaintiffs meet this requirement when they pled that "Defendant intended for Plaintiffs to act on its untrue representation" *Am. Comp.* ¶ 69, Dkt. 3.

### 6. **Plaintiffs' Ignorance of Falsity**

Plaintiffs have pled with particularity that they were ignorant of the definite duration of their employment. Maximus argues that Plaintiffs were aware of the at-will condition of their employment, and thus were aware they could be terminated at any time. However, this misconstrues the nature of the Plaintiffs' allegations. Again, it is the promise of "regular-capacity" employment that is alleged to be false, not the terms of the contract. Nothing in the offer letter would alert Plaintiffs they were being offered anything other than a career opportunity. *Ex. A* at 2-4, Dkt. 3-1 On the contrary, the offer letter appears to perpetuate the notion that Plaintiffs were entering career-type employment with the potential for yearly pay increases. Id. Plaintiffs have successfully pled their ignorance of falsity.

### *7.* **Plaintiffs' Reliance**

Plaintiffs' acceptance of employment is evidence that they relied on the representations of Maximus. They also quit secure jobs in order to work for Maximus. *Am. Comp.* ¶ 13-15, Dkt. 3. Again, Maximus attempts to frame this as a breach of contract claim, barred by the at-will nature of the employment. And the case upon which they rely, *Snoey v Advanced Forming Technoloty, Inc.,* 844 F. Supp. 1394 (1994), is concerns wrongful termination and an estoppel claim regarding the length of employment. The passage relied upon by Maximus speaks mainly to an estoppel claim related to the terms of the contract, and has little if any application to reliance in the context of a fraud claim. As has been discussed earlier, Plaintiffs are not arguing a breach of contract for early termination – they are arguing that they were misled from the beginning about the type of employment they were entering into.

### *8.* **Right to Rely**

Because of the clear at-will language in the offer letter, Plaintiffs have no right to rely on a contract for an extended period of time. But Plaintiffs' complaint does not argue breach of contract for early termination. As explained above, Plaintiffs argue that they were relying on the representation from Maximus that they were accepting career type employment. No at-will job is guaranteed, but there is a significant difference between a career-type at-will position, and a seasonal or temporary at-will position. This representation is reinforced by the offer letter outlining yearly raises. *Ex. A* at 2, Dkt. 3-1. Plaintiffs right to rely is clearly laid out in the circumstances of interviews and

subsequent offer letter. Id. They correctly pled that they "had a right to rely upon the representations made by Maximus." *Am. Comp.* ¶ 71, Dkt 3.

        *9.* **Proximate Injury**

Plaintiffs have sufficiently pled proximate injury: "Plaintiffs left viable employment for a career opportunity at Maximus, and/or Plaintiffs selected employment opportunity at Maximus over other available career opportunities. Further, Plaintiffs are no longer employed by Maximus as they were subject to the RIF." *Am. Comp.* ¶ 72, Dkt. 3. Accepting Plaintiffs arguments as true, their reliance on Maximus' representations resulted in their leaving or forgoing secure employment, for temporary and now non-existing employment.

**II.**     *Negligent Misrepresentation*

Both parties agree that the claim for negligent misrepresentation should be dismissed.

**III.**     *Promissory Estopel*

The elements of promissory estoppel are: " '(1) the detriment suffered in reliance was substantial in an economic sense; (2) substantial loss to the promisee acting in reliance was or should have been foreseeable by the promisor; and (3) the promisee must have acted reasonably in justifiable reliance on the promise as made.' " *Mitchell v. Bingham Memorial Hosp.*, 130 Idaho 420, 942 P.2d 544 (1997) (quoting *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank*, 804 P.2d 900, 907 n. 2 (1991)) (quoting *Mohr v. Shultz*, 388 P.2d 1002, 1008 (1964))).

Plaintiffs cannot use promissory estoppel simply to alter the agreement they made with Maximus. A claim of "promissory estoppel is simply a substitute for consideration, not a substitute for an agreement between parties." *Chapin v. Linden*, 162 P.3d 772, 776 (Idaho 2007). But, promissory estoppel is proper when one party has characterized an offer as one thing, but actually offers something different. Promissory estoppel, as a substitute for consideration, would represent whatever consideration was represented in the agreement. Here, Plaintiffs pled that Maximus said it was offering "regular capacity" or career type employment, but actually offered temporary employment. *Am. Comp.* ¶ 16, Dkt. 3.

Plaintiffs have presented a plausible argument that they reasonably relied on Maximus' representation that they would be "regular capacity" employees with an indefinite period of employment. Id. Plaintiffs have offered documents (*Ex.* A at 10, Dkt. 3-1.) which suggest that Maximus knew at the time employment was offered that it was for a limited period of time, even if the duration was not exactly defined. Plaintiffs have also shown substantial harm, evidenced by their termination from Maximus and from leaving or forgoing other secure employment. *Am. Comp.* ¶ 13-15, Dkt. 3. Thus, Plaintiffs' estoppel argument is sufficiently pled to survive a motion to dismiss.

# ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED IN PART** and **DENIED IN PART**. It is granted as to the negligent misrepresentation claim and denied as to all other claims.

DATED: November 19, 2014

B. Lynn Winmill
Chief Judge
United States District Court