B. Newal Squyres (ISB #1621)
Pamela S. Howland (ISB #6177)
Ted C. Murdock (ISB #5431)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
Post Office Box 2527
Boise, Idaho  83701-2527
Telephone:  (208) 342-5000
Facsimile:   (208) 343-8869
nsquyres@hollandhart.com
phowland@hollandhart.com
tmurdock@hollandhart.com

Attorneys for Defendant MAXIMUS Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| REGIS HARVEY, AMANDA COLLINS, ANDREA MCDONALD, Individually and On Behalf of All Others Similarly Situated, | Case No.  1:14-cv-00161-BLW |
|---|---|
| Plaintiffs, | **DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| MAXIMUS INC., | |
| Defendant. | |

Defendant MAXIMUS INC. ("MAXIMUS") hereby files its answer to the Amended Class Action Complaint (the "Complaint") of Regis Harvey, et al. ("Plaintiffs") by admitting, denying, and alleging as follows.

**FIRST DEFENSE**

1.      Plaintiffs' claims are barred in whole or in part by their failure to state a claim.

**SECOND DEFENSE**

2.      MAXIMUS denies each and every statement and allegation in the Complaint that is not expressly and specifically admitted herein.

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 1

3. MAXIMUS admits the allegations in Plaintiffs' introductory paragraph entitled "Class Action Complaint," insofar as Regis Harvey was employed by MAXIMUS from July 8, 2013 through April 25, 2014, and Andrea McDonald was employed by MAXIMUS from August 12, 2013 to April 25, 2014. Amanda Collins was initially employed by MAXIMUS from August 1, 2013 to April 25, 2014; she was re-hired by MAXIMUS on September 2, 2014, and remains employed there today. MAXIMUS denies the remaining allegations in this paragraph.

4. Paragraph 1 states legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 1.

5. MAXIMUS admits the allegations in Paragraph 2 insofar as it alleges that MAXIMUS entered into a subcontract with GDIT to provide support for the Affordable Care Act and that MAXIMUS operates facilities in Boise, Idaho, and Brownsville, Texas, housing call centers for this purpose. MAXIMUS denies the remaining allegations in Paragraph 2.

6. Paragraph 3 states legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 3.

7. MAXIMUS admits the allegations in Paragraph 4 insofar as it alleges that Regis Harvey was employed as a Trainer and Andrea McDonald was employed as a Supervisor. Amanda Collins was initially hired as a Customer Service Representative; however, she has since been promoted to Supervisor. MAXIMUS further admits that CSRs, Trainers, and Supervisors perform a number of different tasks and duties. CSRs, generally, take incoming calls. Trainers, generally, train CSRs and Supervisors. Supervisors, generally, supervise the CSRs. MAXIMUS denies the remaining allegations in Paragraph 4.

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 2

8.      MAXIMUS admits the allegations in Paragraph 5 insofar as Regis Harvey was hired on July 8, 2013, Amanda Collins was initially hired on August 1, 2013, and Andrea McDonald was hired on August 12, 2013.  MAXIMUS denies the remaining allegations in Paragraph 5.

9.      Paragraph 6 states a legal conclusion to which no response is required.  To the extent a response is required, MAXIMUS denies the allegations of Paragraph 6, denies that this action is properly brought as a class action under Federal Rule of Civil Procedure 23, and denies that Plaintiffs are proper representatives of any class.

10.     MAXIMUS denies the allegations in Paragraphs 7 and 8.

11.     Paragraphs 9-12 state legal conclusions to which no response is required by MAXIMUS.  To the extent these paragraphs impliedly allege that Plaintiffs' damages exceed $5 million and that MAXIMUM engaged in wrongful conduct, MAXIMUS denies those allegations.

12.     MAXIMUS admits the allegations in Paragraph 13 insofar as it alleges that Regis Harvey was hired as a Trainer on July 8, 2013, and continued employment at MAXIMUS until April 25, 2014.  MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 13 and, therefore, denies them.

13.     MAXIMUS admits the allegations in Paragraph 14 insofar as it alleges that Amanda Collins was hired as a CSR for the first time on August 1, 2013, and continued employment at MAXIMUS until April 25, 2014.  Collins was re-hired by MAXIMUS as a CSR in September 2014 and has since been promoted to a Supervisor.  MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 14 and, therefore, denies them.

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 3

14.     MAXIMUS admits the allegations in Paragraph 15 insofar as it alleges that Andrea McDonald was hired as a Supervisor on August 12, 2013, and continued employment at MAXIMUS until April 25, 2014.  MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 15 and, therefore, denies them.

15.     Paragraph 16 states legal conclusions to which no response is required by MAXIMUS.  To the extent a response is required, MAXIMUS denies the remaining allegations in Paragraph 16.

16.     MAXIMUS denies the allegations in Paragraph 17.

17.     MAXIMUS admits the allegations in Paragraph 18 insofar as it terminated less than 900 Trainers, Supervisors, and Customer Service Representatives in its Boise facility pursuant to its April 25, 2014 RIF.  The remaining allegations in Paragraph 18 state legal conclusions to which no response by MAXIMUS is required.  To the extent a response is required, MAXIMUS denies the remaining allegations in Paragraph 18.

18.     MAXIMUS admits the allegations in Paragraph 19 insofar as it is a corporation organized under the laws of the state of Virginia with its headquarters and principal place of business in Reston, Virginia.  MAXIMUS further admits that it operates a facility in Boise, Idaho, with a capacity in excess of 1,800 employees and that it also operates a facility in Brownsville, Texas.  MAXIMUS admits that these facilities are part of a project that provides support for the Affordable Care Act and that the newly constructed Boise facility was opened for limited purposes in approximately August 2013.  MAXIMUS denies the remaining allegations in Paragraph 19.

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 4

19. MAXIMUS admits Paragraph 20 insofar as GDIT is a prime contractor and that it awarded MAXIMUS a subcontract for the Contact Center Operations project.  MAXIMUS denies the remaining allegations in Paragraph 20.

20. MAXIMUS denies the allegations in Paragraph 21.

21. Paragraph 22 purports to describe the class which Plaintiffs seek to represent. To the extent a response is required, MAXIMUS denies the allegations of this paragraph.

22. MAXIMUS admits the allegations in Paragraph 23 insofar as it terminated less than 900 Trainers, Supervisors and Customer Service Representatives pursuant to its April 25, 2014 RIF.  The remaining allegations in Paragraph 23 state legal conclusions to which no response by MAXIMUS is required.  To the extent a response is required, MAXIMUS denies the remaining allegations in Paragraph 23.

23. Paragraphs 24 and 25 state legal conclusions to which no response by MAXIMUS is required.  To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 24 and 25.

24. MAXIMUS admits Paragraph 26 insofar as it has, since the time it opened the Boise facility, used some job advertisements.  MAXIMUS lacks knowledge and information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 26 and, therefore, denies them.

25. MAXIMUS denies the allegations in Paragraph 27.

26. MAXIMUS admits the allegations in Paragraph 28 insofar as it used an onboarding process for new hires.  MAXIMUS denies the remaining allegations in Paragraph 28.

27. MAXIMUS admits the allegations in Paragraph 29 insofar as it used offer letters and frequently asked question sheets.  MAXIMUS lacks knowledge and information sufficient to

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 5

form a belief as to the truth or the falsity of the remaining allegations in Paragraph 29 and, therefore, denies them.

28. MAXIMUS lacks knowledge and information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 30 and, therefore, denies them.

29. Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 31.

30. MAXIMUS lacks knowledge and information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraphs 32 and 33 and, therefore, denies them.

31. Paragraphs 34 and 35 state legal conclusions to which no response is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 34 and 35.

32. MAXIMUS denies the allegations in Paragraphs 36 and 37.

33. MAXIMUS admits the allegations in Paragraph 38 insofar as it hired some employees after January 1, 2014, as limited service employees and that the phrase "limited service" is defined within the MAXIMUS employee manual, the terms of which speak for itself. To the extent a further response by MAXIMUS is required, MAXIMUS denies the remaining allegations in Paragraph 38.

34. MAXIMUS denies Paragraph 39.

35. MAXIMUS admits the allegations in Paragraphs 40 and 41 insofar as it advertised for employment at its Boise call center. MAXIMUS denies the remaining allegations in Paragraphs 40 and 41.

36. MAXIMUS admits Paragraph 42 insofar as it had multiple job fairs in conjunction with the Idaho Department of Labor. MAXIMUS denies the remaining allegations in Paragraph 42.

37.     MAXIMUS denies the allegations in Paragraphs 43-45.

38.     MAXIMUS admits Paragraph 46 insofar as it sent offer letters to Regis Harvey, Andrea McDonald, and Amanda Collins, the terms of which speak for themselves. MAXIMUS denies the remaining allegations in Paragraph 46.

39.     MAXIMUS denies the allegations in Paragraphs 47 and 48.

40.     MAXIMUS admits Paragraph 49 insofar as it sent offer letters to Regis Harvey, Andrea McDonald, and Amanda Collins, the terms of which speak for themselves. To the extent a further response is required, MAXIMUS denies the allegations in Paragraph 49.

41.     MAXIMUS admits Paragraph 50.

42.     MAXIMUS admits Paragraphs 51 and 52 insofar as it alleges that MAXIMUS hired some employees after January 1, 2014, as limited service employees. MAXIMUS further admits that "limited service" is a term defined by MAXIMUS's employee manual, the terms of which speak for itself. MAXIMUS denies that limited service employees are limited to employment to a defined time period or that they are given a specific employment timeframe and the remaining allegations in Paragraphs 51 and 52.

43.     MAXIMUS admits Paragraph 53 insofar as it sent offer letters to employees, that the terms of these offer letters speak for themselves, and that no further response by MAXIMUS is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 53.

44.     MAXIMUS admits Paragraph 54 insofar that it alleges that MAXIMUS announced on or about February 24, 2014, that it anticipated a reduction in force in Boise and Brownsville and that it sent a communication to its employees concerning the same, the terms of

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 7

which speak for itself.  To the extent a further response by MAXIMUS is required, MAXIMUS denies the remaining allegations in Paragraph 54.

45.	MAXIMUS admits Paragraphs 55-58 insofar as it alleges that employees were given a RIF FAQ, the terms of which speak for itself.  To the extent a further response by MAXIMUS is required, it denies the allegations in Paragraphs 55-58.

46.	MAXIMUS admits the allegations in Paragraph 59.

47.	MAXIMUS admits Paragraph 60 insofar as it alleges that employees were given a RIF FAQ, the terms of which speak for itself.  To the extent a further response by MAXIMUS is required, it denies the allegations in Paragraph 60.

48.	MAXIMUS denies the allegations in Paragraph 61.

49.	MAXIMUS admits Paragraphs 62 and 63 insofar as it alleges that MAXIMUS provided a Separation Release and Agreement to employees on or about March 20, 2014.  The terms of the Separation Release and Agreement speak for themselves and no further response by MAXIMUS is required.  To the extent a further response by MAXIMUS is required, it denies the allegations in Paragraphs 62 and 63.

50.	MAXIMUS admits Paragraph 64 insofar as it alleges that MAXIMUS hired CSRs, Trainers, and Supervisors through January 2014.  MAXIMUS denies the remaining allegations in Paragraph 64.

51.	MAXIMUS admits Paragraph 65 insofar as Regis Harvey, Amanda Collins, and Andrea McDonald were terminated on April 25, 2014.  MAXIMUS further notes that Amanda Collins was re-hired by MAXIMUS on September 2, 2014, and remains employed there today.

52.	MAXIMUS incorporates by reference all previous answers and responses as its response to Paragraph 66.

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 8

53. MAXIMUS denies the allegations in Paragraphs 67-73.

54. MAXIMUS incorporates by reference all previous answers and responses as its response to Paragraph 74.

55. MAXIMUS denies the allegations in Paragraphs 75-81.

56. MAXIMUS incorporates by reference all previous answers and responses as its response to Paragraph 82.

57. MAXIMUS denies the allegations in Paragraphs 83-87.

58. MAXIMUS denies that Plaintiffs are entitled to any relief, including the relief sought in subparagraphs A-F of the Prayer for Relief.  MAXIMUS further states that Plaintiffs' claim for punitive damages is improper, violates Idaho Code § 6-1604, and should be stricken.

59. MAXIMUS denies Plaintiffs' "Demand for Trial by Jury" and that Plaintiffs are entitled to a jury trial.

### THIRD DEFENSE

60. Plaintiffs' Complaint fails to satisfy the prerequisites for maintaining a class action enumerated in Federal Rule of Civil Procedure 23(a), and fails to satisfy the further requirements for maintaining a class action enumerated in Federal Rule of Civil Procedure 23(b).

### FOURTH DEFENSE

61. Plaintiffs lack standing to bring these claims as a putative class action.

### FIFTH DEFENSE

62. Plaintiffs' claims are barred by the doctrines of estoppel, res judicata, unclean hands, waiver, laches, ratification, acquiescence, consent, accord and satisfaction, reimbursement, and payment and release.

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 9

### SIXTH DEFENSE

63. Plaintiffs' claims are barred or reduced due to MAXIMUS's good faith, reasonableness, and adherence to industry standards.

### SEVENTH DEFENSE

64. MAXIMUS has acted reasonably and in good faith and has complied with federal and state laws.

### EIGHTH DEFENSE

65. Plaintiffs were at-will employees and thus MAXIMUS was entitled to terminate their employment at any time.

### NINTH DEFENSE

66. Plaintiffs' claim for punitive damages is premature and is otherwise barred by I.C. § 6-1604(2).

### TENTH DEFENSE

67. Plaintiffs' claim for punitive damages is limited by I.C. § 6-1604(3).

### ELEVENTH DEFENSE

68. Plaintiffs' claim for punitive damages is barred or limited by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### TWELFTH DEFENSE

69. The claims of Plaintiffs as alleged in the Complaint, and the loss and damage, if any in fact exist, are the direct and proximate result of the acts, deeds, omission, or failure to act, or the conduct of third parties whose names are presently unknown, over whom Defendant had no control, nor the right, duty, or obligation to control.

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 10

### THIRTEENTH DEFENSE

70. Plaintiffs have failed to plead their claims with the degree of particularity required by Federal Rule of Civil Procedure 9(b).

### FOURTEENTH DEFENSE

71. Plaintiffs' reliance on any representations made by Defendant to Plaintiffs, if any, was unreasonable or unjustifiable.

### FIFTEENTH DEFENSE

72. All representations in writing or otherwise made by Defendant to Plaintiffs, if any, were true and accurate when made.

### SIXTEENTH DEFENSE

73. The Defendant merely stated an opinion, which did not expressly or impliedly communicate any statement of fact.

### SEVENTEENTH DEFENSE

74. Plaintiffs knew or should have known the truth of the matter as to each alleged misrepresentation and omission.

### EIGHTEENTH DEFENSE

75. Defendant lacked the requisite scienter.

### NINETEENTH DEFENSE

76. Plaintiffs' reliance on any representations made by Defendant to Plaintiffs, if any, was unreasonable or unjustifiable.

### TWENTIETH DEFENSE

77. MAXIMUS is entitled to a credit or set-off for any additional compensation paid to Plaintiffs.

### TWENTY-FIRST DEFENSE

78.     Plaintiffs' claims are barred for failure to mitigate damages.

### TWENTY-SECOND DEFENSE

79.     Damages are too speculative to be awarded.

### TWENTY-THIRD DEFENSE

80.     Plaintiffs are not similarly situated to the proposed class members or to any other person or persons for purposes of their claim.

### TWENTY-FOURTH DEFENSE

81.     Plaintiffs' claims are barred by their own lack of good faith, breach of MAXIMUS policy and procedure, and fault.

### TWENTY-FIFTH DEFENSE

82.     To the extent that any Plaintiff has executed a release of claims, the claims are barred by the release.

### TWENTY-SIXTH DEFENSE

83.     MAXIMUS reserves the right to assert additional defenses as discovery progresses.

### TWENTY-SEVENTH DEFENSE

84.     Defendant is informed and believes and thereon alleges that the injuries and damages of which Plaintiffs complain were proximately caused by, or contributed to, by the acts of other defendants, persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiffs complain, thus barring Plaintiffs from any recovery against Defendant.

WHEREFORE, MAXIMUS seeks judgment against Plaintiffs and an order from the Court as follows:

  A. Dismissing the Plaintiffs' Amended Class Action Complaint with prejudice;

  B. Awarding the Defendant its attorney fees, costs, and expenses associated with this action; and

  C. Awarding MAXIMUS such other and further relief as this Court deems just and proper.

DATED this 12th day of December 2014.

       HOLLAND & HART LLP

       By *s/Pamela S. Howland*
        Pamela S. Howland, of the Firm
        Attorneys for Defendant MAXIMUS Inc.

**DEFENDANT'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** - 13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of December 2014 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Howard A Belodoff**
  howardbelodoff@idaholegalaid.org, bevallen@idaholegalaid.org

- **Jeremiah Matthew Hudson**
  jeremiah@frhtriallawyers.com, jason@frhtriallawyers.com,
  jennifer@frhtriallawyers.com

                        *s/Pamela S. Howland*
                        of HOLLAND & HART LLP

7368027_1